IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KENDRIA Y. WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:19-cv-00185 |
| | ) | |
| GOVERNOR BILL LEE and | ) | JUDGE RICHARDSON |
| HERBERT SLATERY, III, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff Kendria Y. West, proceeding *pro se*, brings a civil complaint asserting claims under 42 U.S.C. § 1983 against Tennessee Governor Bill Lee and Tennessee Attorney General Herbert Slatery, III, in their official capacity only, on the basis that the application of a Tennessee statute to bar claims for relief under the Federal Tort Claims Act violates the First, Fifth, Eight, Ninth, and Fourteenth Amendments to the United States Constitution. Because Plaintiff proceeds *in forma pauperis*, the complaint is before the Court for an initial review. For the reasons set forth herein, this case will be dismissed as barred by the Eleventh Amendment.

**I.     Standard of Review**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of any complaint filed *in forma pauperis* and dismiss it if it is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [that statute] because the relevant statutory

language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). A "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## II.  Factual and Procedural Background

The complaint does not actually contain any factual allegations, nor does it even identify the Tennessee statute that Plaintiff believes to be unconstitutional. It simply launches into a disjointed argument about why a "certificate of good faith" violates various constitutional amendments. Without context, Plaintiff's pleading has no meaning whatsoever.

However, the Court takes judicial notice that Plaintiff filed a previous lawsuit in this Court, asserting medical malpractice claims against the United States Department of Veterans Affairs under the Federal Tort Claims Act. The case was dismissed based on Plaintiff's failure to file a certificate of good faith with her complaint, as required by the Tennessee Health Care Liability Act, Tenn. Code Ann. § 29-26-122. *West v. United States*, No. 3:17-cv-01430, 2018 WL 4520259, at *3 (M.D. Tenn. Sept. 21, 2018) (Trauger, J.). Plaintiff did not pursue an appeal of the dismissal

of that lawsuit. Instead, she filed this lawsuit, as well as another lawsuit currently pending before Chief Judge Waverly Crenshaw in which she sues Judge Aleta Trauger, also of this Court, based on the above-referenced order dismissing *West v. United States*, No. 3:17-cv-01430.

Taking this background into consideration, the Court understands Plaintiff's complaint in this case to be asserting that the application of Tenn. Code Ann. § 29-26-122 to a medical malpractice lawsuit brought under the Federal Tort Claims Act violates the United States Constitution, specifically article VI of the Supremacy Clause, the First Amendment, the Due Process Clause of the Fifth Amendment, the Cruel and Unusual Punishments Clause of the Eight Amendment, the catch-all provision of the Ninth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. In addition, according to Plaintiff, such application is "ludicrous[,]" and such a certificate of good faith "serves ABSOLUTELY NO REAL PURPOSE[.]" (Doc. No. 1, at 1-2.)

Plaintiff demands relief in the form of an injunction "commanding defendant be removed." (*Id.* at 3.) She also requests such declaratory and other relief as the Court deems "appropriate and just." (*Id.* at 4.)

## III. Discussion

Congress enacted 42 U.S.C. § 1983 to provide a private right of action for litigants who believe that their federal constitutional rights have been violated by a government representative. Generally, to state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States . . . committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). "[A] State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989). Section 1983, therefore, does not provide a federal forum for litigants who seek a remedy against a State

for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." *Id.* at 66.

Plaintiff here does not actually name the State as a defendant. Instead, she sues two state officials: Bill Lee, the Governor of Tennessee; and Herbert Slatery, III, the Attorney General and Reporter of the Tennessee. She purports to sue Mr. Slatery "in his official capacity as State Attorney General" but does not refer to Governor Lee at all beyond placing him in the case caption.[1] "[S]tate officials are literally persons." *Id.* at 71. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id.* (citations omitted). Thus, suits against state officials in their official capacity, like suits against the State itself, are generally completely barred by the Eleventh Amendment. *Id.*

There is one exception to this general rule. When sued for prospective injunctive relief, rather than damages, a state official in his official capacity may be considered a "person" for § 1983 purposes, "because official-capacity actions for prospective relief are not treated as actions against the State." *Id.* at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). In what has become known as the *Ex parte Young* exception, a suit for prospective injunctive relief provides a narrow, but well-established, exception to Eleventh Amendment immunity.

---

[1] For this reason alone, Plaintiff fails to state a claim against Governor Lee in either his individual capacity or his official capacity. Even if by some major stretch Plaintiff's complaint could be construed to contain allegations against Governor Lee, those allegations could be construed only as allegations against him in his official capacity, rendering the claim against Governor Lee subject to dismissal for the reasons set forth below,

However, before granting injunctive relief against a state official for an Eighth Amendment violation, the Court must find that the alleged violation is ongoing and continuous in order to fall under the *Ex parte Young* exception of the Eleventh Amendment bar. *See Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 281 (1997) ("An allegation of an ongoing violation of federal law where the requested relief is prospective is ordinarily sufficient to invoke the *Young* fiction."). This requirement "merely distinguishes between cases where the relief sought is prospective in nature, *i.e.*, designed to prevent injury that will occur in the future, and cases where relief is retrospective." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1338 (11th Cir. 1999).

In this case, Plaintiff does not purport to seek damages. Instead, she demands that "the defendant," apparently referring to the State Attorney General, be "removed and that the court issue such declaratory relief and other relief as the "Court deems appropriate and just." (Doc. No. 1, at 4.) The wrong that implicitly forms the basis for her claims in this case is the past dismissal of her claims in a completely different case. Removal of the attorney general would not result in the reinstatement of the plaintiff's dismissed claims. Her prior case has already been dismissed, and judgment has been entered against her. She did not file a notice of appeal and the time for doing so has expired. The relief demanded in this case would not remedy that problem. For that reason alone, injunctive relief is not available. And, to the extent the new complaint could be construed as a request that this court review and reverse the judgment entered in the previous case, this Court lacks jurisdiction to exercise appellate review over a judgment issued by a sister district court. *See Mullis v. U.S. Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385, 1392–93 (9th Cir. 1987) (noting that a "horizontal appeal" from one district court to another is impermissible); *see also In re McBryde*, 117 F.3d 208, 225 n.11 (5th Cir. 1997) ("[T]he structure of the federal courts does

not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction.").

In addition, while the *Ex parte Young* exception permits suits challenging the constitutionality of a state official's action, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984), Plaintiff here does not allege that an action by a state official violated her rights. Instead, her position is that the *district court*'s past application of a state statute to her federal claims violated her constitutional rights.

And finally, her demand that a state official be removed from office can be construed only as a claim against the State itself. "[A] suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Id.*

For all these reasons, the Court finds that Plaintiff's claims against the state officials do not fall within the *Ex parte Young* exception and, consequently, are barred by the Eleventh Amendment.

## IV. Conclusion

Because Plaintiff's claims are barred by the Eleventh Amendment, the complaint will be dismissed without prejudice. *See Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005). An appropriate order is filed herewith.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE